Caldwell, J.
This was a proceeding in the court below and commenced there, pertaining to land. One of the defendants, one of the persons made a defendant below, was brought in by advertisement, and other parties in the case than that one *332 thus brought in, by various motions and the proper proceedings to reach the end sought, undertook to have the service set aside. The service wab by publication, and made in The Cleveland Daily Record; and the claim there and the claim here made, and the only claim made, is that The Cleveland Daily Record is not a paper that has the requisites necessary to make a legal advertisement.
This is a matter of considerable interest to the members of the bar, and we have given it quite extensive attention. The court below found in its decree, that the advertisement was properly made, and that the paper was a proper instrument in which to make the advertisement under the statute.
The statute in question is section 5050. That part of it that pertains to this question is this: “The publication must be made for six consecutive weeks, in a newspaper printed in the county where their petition is filed,”
The first inquiry in determining this is, what is meant there by “newspaper,”
Wade on the Law of Notices, section 1066:
“What is a Newspaper, In order to fulfill the terms of the law, the notice must be directed, by the court or officer, to be inserted, for the statutory time, in some paper printed and circulated for the dissemination of news; but it is not essential that, to answer the description, the paper shall be devoted to the dissemination of news of a general character, It may, with equal propriety, be published in a paper devoted exclusively to the discussion of religious, legal, commercial or scientific topics, and the diffusion of knowledge touching special matters within its limited sphere, as in a public journal, the columns of which are open to news of a general character. It may be a religious newspaper, a commercial newspaper, a legal newspaper, or a scientific newspaper, or a political newspaper.”
The Cleveland Daily Record is a newspaper that is devoted primarily,perhaps, and principally,to the proceedings in the courts and in the Recorder’s Office and in the various county and city offices in the county in which it is published. To determine whether or not it complies with this definition which is a fair one under the authorities which are cited, we have examined, in taking the issue that *333 is made, a part of the Bill of Exceptions. We find there articles on religion; we find the political news of the day; we find notices of and comments upon conventions; we find marine news, and the news of fires, news pertaining to robberies, news pertaining to the progress of the war in the Philippines, and, almost if not quite, a column of miscellaneous news, and notices of all sales and mortgages made and deeds recorded and all assignments made. And then there are a large number of advertisements of ell kinds and classes of business. And then it contains the decisions of the supreme and other courts, both federal and state courts, and the assignments as made for trial in the different court rooms — giveh as the court proceedings, the opinions of the supreme court and other courts quite in full; and then there are contributions of a literary character, and contributions of poetry — which certainly ought to go far towards making it a newspaper. And it contains the timetable notifying parties of the time of the arrival and departure of trains upon the different railroads in thecily of Cleveland; and also contains a great many legal notices and, perhaps quite as important, the notices of attorneys, of where their shingles are found, and the city news generally.
And the question is whether this is within the meaning I have read from Wade on the Law of Notice, a newspaper.
No one paper published in any county in the state, perhaps, contains all the news or makes any pretense of containing all the news. And if we take the different newspapers, we will find certain portions of news that are very important, that are entirely omitted from such papers. If a paper is a political paper, its readers generally are politicians of its faith — many of them; and the political news are selected with the intention and purpose of giving to that class of readers the news that will be pleasing to them— and the news of other political parties are almost entirely omitted.
So it will be seen at once that these papers differ in degree from the paper in which this notice was made, more than in character
A paper may be devoted primarily to religion and to re *334 'ligious views, and yet may give general news of the day. That makes it a newspaper.
Will. G. Gunther, for Plaintiff in Error.
Henderson & Quail, for Defendant in Error.
Some papers printed in a city like this, contain but a Small amount of news,and that in very condensed form and that necessarily from the size of the publication and the size of the issue. But that necessarily makes them none the less a newspaper, from that fact.
And the court below that had this question to pass upon as well as the law, has found, as a matter of fact, that this is a newspaper. And, perhaps, so far as that question is concerned, we ought not to disturb the judgment of the court below, unless we believe the court to be utterly wrong, and we do not think so. We find upon examining the authorities that such papers are published in nearly all cities of any considerable size in this country; and the state courts have been called upon, upon the question of legality of notices in those papers, such as in the case now before us; and the weight of authority, almost the entire weight of authority I may say, is that it is a legal publication, and the statutes in many of those states require by express terms that it shall not only be a newspaper, but a newspaper of general circulation.
This paper shows in this case, the character of the news it contains, its contents generally and its circulation, its circulation in the city, county and outside of the county, and, as I say, the decisions in Illinois, Missouri, Michigan, Indiana and a number of other states that we have noticed,
. and in Minnesota, are all holding that a publication of this kind in such a paper meets the requirements of their statutes.
And we affirm the decision of the court below.